LUCIEN LARTIGUE *v.* CHARLES CLAIBORNE, Marshal of the City of New Orleans.

A marshal is responsible to the party injured, for any damage sustained by the latter in consequence of an illegal sequestration of his property. The marshal must look for indemnity to the party under whose directions he acted.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Rousseau* and *Lambert,* for the plaintiff, cited Civil Code, art. 2294. Bullard & Curry's Dig. p. 221, No. 43, § 19.

*Canon* and *Roselius,* for the appellants.

SIMON, J. The defendant Claiborne, marshal of the City Court of New Orleans, and the persons by him called in war- ranty, are appellants from' a judgment which allows the plaintiff the sum of $293 50 damages, sustained under the following circumstances :

It appears that, on the 7th June, 1842, Jean Esteben, one of the warrantors, having purchased of one Gourdé, by an act under private signature, six cows of the first choice, for the sum of one hundred and sixty-eight dollars, the cows were not delivered to the purchaser, but were, on the 18th of the same month, by a

notarial act, sold, with other property, by Gourdé, to the plaintiff, to whom delivery was made of all the objects sold. On the 19th of July following, a suit was instituted by Esteben against Gourdé before the City Court, complaining that the cows were illegally detained by the latter, and praying that they might be sequestered. This was ordered, and accordingly the cows were taken possession of, on the same day, by the defendant's deputy, notwithstanding the opposition of the plaintiff, who showed him his bill of sale ; but, in consequence of their being claimed by the plaintiff, the city marshal took a bond of indemnity from the claimant Esteben, who, having on the same day bonded the property sequestered, took the cows into his possession. The two bonds are signed by Pierre Esteben as surety ; and the evidence shows, that when the writ of sequestration was executed, the property was in the plaintiff's possession. The plaintiff intervened in the suit before the City Court, for the purpose of opposing the seizure made under the writ of sequestration, and of establishing his title to the property sequestered contradictorily with Esteben ; when, after a full investigation of the parties' respective rights, judgment was rendered in favor of the intervenor, ordering, that the sequestration be set aside, and that the cows be delivered back to him as his property.

The question of ownership having been thus settled by the judgment of the City Court, it is clear, that the plaintiff's cows were illegally seized and sequestered, and that, therefore, the marshal is liable to indemnify him for the loss which he may have sustained in consequence of the illegal acts complained of. The marshal had no right to seize and sequester the property of another person, particularly after having been made aware of the plaintiff's title thereto. In case of doubt, it was his duty to pause and ascertain who was the real owner thereof ; and it is no excuse to say, that the seizure was made under the directions of the creditor. The marshal took a bond of indemnity, which may perhaps secure him against the consequences of his illegal acts, so far as he may be indemnified by his co-defendants ; but the plaintiff having looked to him to repair the injury, it only remains for us to ascertain whether the judgment appealed from is autho-

rized by the evidence, with regard to the extent of the damages allowed.

It is shown by the record, that the plaintiff's cows were taken out of his possession on the 19th of July, 1842, and that they were not returned to him until the 30th of August following. The witnesses all agree, that they were not delivered back in the same condition in which they were at the time of the seizure. The plaintiff's witnesses say, that they were returned in very bad order, and that they had lost much of their value. The plaintiff is in the habit of selling milk, and of keeping for that purpose a number of milch cows. Those in question would have yielded daily, a clear income of fifty cents each. Moreover, the plaintiff was compelled to employ an attorney to sustain his rights, and to pay him $35; his attendance to this business occasioned him a great loss of time and labor; his cows had been much neglected, and were much deteriorated in value, so much so, that the evidence goes to fix the deterioration at, at least, $20 a piece; and after a careful perusal of the record, we have been unable to find any thing which can require our interference. We are satisfied that full justice has been done to all the parties concerned.

*Judgment affirmed.*